Ellen Day
vs.
The Proprietors of Swan Point Cemetery

Eq. No. 9829.

July 14, 1930.

BAKER, J. Heard on bill and cross-bill.

The original bill is brought to quiet title and for the removal of a cloud on title. The cross-bill asks for relief of the same general nature.

The complainant is the record owner of a small parcel of land with a house thereon in the City of Providence. The respondent corporation is the record owner of several large tracts of land, a portion of which adjoins and bounds upon the complainant's property.

The complainant contends that she and her husband acquired title by adverse possession to two parcels of land, one lying immediately east of the premises to which the complainant has a deed and the other being a small irregular shaped tract lying north-westerly from the complainant's house and across a platted roadway.

As to the lot to the east of the house, the evidence does tend to show that the complainant's husband began to clear the land by cutting brush and small trees soon after he moved there in 1887. Animals were kept on the tract and a garden was cultivated until about ten years ago. The land, which was somewhat swampy in the spring, was filled in by the complainant and her husband in 1904. About 1907 a hedge was planted along one side of the tract and a rough wire fence was erected. This tract is immediately contiguous to the property which the complainant and her husband owned in fee by deed and the occupation was obviously a more or less natural extension of this property toward the east, culminating finally in the planting of the hedge and the fencing in.

While the testimony in the case as to user is somewhat scanty and not as complete as might be desired, at the same time, in the absence of much evidence on the part of the respondent on this point, the Court has come to the conclusion that it is sufficient and that the complainant has acquired by adverse possession title to the tract in dispute lying immediately east of the premises of which she is the record owner, the limits of said tract being as fenced in and as delineated on a certain plat which she has filed in the office of the Recorder of Deeds in Providence.

The small irregular shaped parcel lying northwest of the complainant's house is not contiguous to the complainant's other property. While it was to some extent enclosed in 1908, apparently the fence was of poultry netting and not very substantial. Thereafter a rough fence of boards was erected. Recently this old fence came down, or fell down, and a more permanent one was then built.

This tract has not been cultivated since about 1918. From the testimony it appears that children play there occasionally, that at times in the past cattle have grazed thereon, and once there was a hen house or hen run on the parcel.

After careful consideration, the Court has come to the conclusion that the testimony falls short of showing that the complainant has acquired title to these premises by adverse possession.

Among the prayers in the complainant's bill is one asking that the Court compel the respondent to execute to

her a deed of the property involved.

The Court is of the opinion that she is not entitled to this form of relief. This question has apparently been determined in this state adversely to the complainant.

Taylor, Ex'r., vs. Staples, et al., 8 R. I. 170.

Although there appears to be authority the other way.

Vol. 6, Am. and Eng. Ency. of Law (2nd ed.), P. 167.

Vol. 5, Ruling Case Law, P. 650, Sec. 18.

On the cross-bill the Court finds that the respondent is entitled to the relief it asks for to the extent of having the complainant enjoined from further trespassing on the small irregular shaped tract, and to the expunging as a cloud upon its title of so much of the plat recorded by the complainant as relates to said small parcel situated at the corner of Hope Street and North Avenue, so-called.

A decree may be entered accordingly.

For complainant: O'Shaunessy & Cannon.

For respondent: Greenough, Lyman & Cross.

